MURRAY (AMERICAN BUTTON-HOLE. OVER-SEAMING & SEWING-MACHINE CO. v.). See Case No. 292.

---

## Case No. 9,956.

### MURRAY v. ARTHUR.

[13 Blatchf. 429; [1] 22 Int. Rev. Rec. 257.]

Circuit Court, S. D. New York. June 22, 1876.

CUSTOMS DUTIES—FORFEITURE FOR UNDERVALUATION—ADDITIONAL DUTY—FORFEITURE REMITTED BY SECRETARY OF TREASURY—CLAIM OF COLLECTOR.

1. Imported goods were seized by a collector of customs, as forfeited to the United States for undervaluation. Their appraised value exceeded by more than 10 per cent. their entered value, and they thereby became liable to 20 per cent. additional duty. They were proceeded against and taken into custody by the marshal, under process. Under proceedings for a remission of the forfeiture. the secretary of the treasury remitted it, on condition that the importer should pay the costs and the duties on the goods. if they were due. or give bond to export the goods. He elected to give bond, but the collector refused to permit the goods to be delivered until the importer had paid the 20 per cent. additional duty. He paid it and brought this suit to recover it back: *Held,* that the exaction was illegal, and that the plaintiff was entitled to recover.

[1] [Reported by Hon. Samuel Blatchford. District Judge. and here reprinted by permission.]

2. Where a forfeiture is remitted by the secretary of the treasury, pursuant to the statute authorizing him to do so, the cause of forfeiture is released.

3. A fulfilment of the conditions imposed in a warrant remitting a forfeiture is equivalent to a satisfaction of the cause of action which constituted the ground of seizure.

[This was a suit by James H. Murray against Chester A. Arthur, collector, to recover duty alleged to have been illegally exacted.]

Stephen G. Clarke, for plaintiff.
George Bliss, Dist. Atty., for defendant.

WALLACE, District Judge. The plaintiff imported certain merchandise into the port of New York, the value of which in the principal markets of the country from which it was imported was found by the appraiser to exceed by more than ten per cent. the invoice or entered value. Thereupon the merchandise was seized by the collector of customs, proceedings were instituted for its condemnation, and it was taken by the marshal into custody, under process. The plaintiff then presented a petition to the district judge, praying a remission of the forfeiture, and, the same having been transmitted to the secretary of the treasury, the secretary, after consideration, issued his warrant, remitting all· the right and claim of the United States to the forfeiture, upon condition that the plaintiff pay the costs of the proceedings for forfeiture, &c., and the duties on the merchandise, if any were due, or give bond to export the merchandise without the limits of the United States. The plaintiff elected to give bond to export the merchandise; the defendant, as collector, refused to permit the delivery of the goods until the payment of the penal duty of twenty per centum ad valorem, which accrued by reason of the undervaluation. It is now insisted, for the defendant, that the merchandise, after the remission, was subject, as before the seizure, to the additional duty. In support of this position, it is urged, that the secretary of the treasury had no power to remit this duty, because it was not a fine, penalty, or forfeiture, and that he had no power to authorize the merchandise to be entered or exported for drawback, because it had been withdrawn from the custody of the officers of the customs, and was in the custody of the marshal, under the process of the court.

The proceedings for the forfeiture of the plaintiff's merchandise were predicated upon the same grounds as those which subjected the merchandise to the additional duty. It is conceded by the counsel for the defendant, that, if these proceedings had been prosecuted to judgment and sale, no claim for the additional duty could thereafter have been maintained by the United States. This concession is fatal to the right to insist upon the additional duty, under the facts of this case; because, in my judgment, where the forfeiture is remitted pursuant to

the statute authorizing the secretary of the treasury to do so, the cause of forfeiture is effectually released to the claimant. The statute which authorizes the remission proceeds upon the theory, that the property seized has become subject to forfeiture; and the power granted to the secretary of the treasury is given upon the assumption that the United States had acquired title to the property, which may be released to the claimant upon such conditions as the secretary may see fit to impose. The claimant, by petitioning for a remission, concedes that his title has been divested, and appeals to the discretion of the secretary. When he fulfils the conditions imposed by the latter, he is restored to his right of property and of possession, and is entitled to an order of the court, if necessary, to carry the terms of remission into effect. The fulfilment of the conditions of the remission is equivalent to a satisfaction of the cause of action which constituted the ground of seizure. Unless this is the legal effect of the remission, the claimant received his property subject to another proceeding for forfeiture for the same cause —a conclusion too unreasonable to merit discussion. The power conferred on the secretary of the treasury to remit a forfeiture, necessarily includes the authority to discharge the cause of action. If he had seen fit, he could have required the payment of the additional duty as one of the conditions of the remission. If he had done so, and the condition had been fulfilled, it would not be claimed that the merchandise, nevertheless, remained still subject to the duty. If the merchandise would have been released by the imposition and fulfilment of such condition, it is by the fulfilment of any other condition imposed by the secretary. The terms of the remission are confided to his discretion solely. Whether the additional duty be regarded as a penalty upon the importer, or as a duty not in the nature of a penalty, is not material. The power conferred upon the secretary of the treasury to release the cause of action upon such conditions as to him may seem meet, authorizes him to exact or to dispense with payment of penalty or duty. If he exacts it, the amount cannot be again exacted by the collector. If he dispenses with it, he has done so in the exercise of the discretion vested in him by the statute. Judgment is ·ordered for the plaintiff.